IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANCISCO GARCIA, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-0661 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, seeks habeas relief under 28 U.S.C. § 2254 challenging his 2006 conviction and 35-year sentence for aggravated robbery. Respondent filed a motion for summary judgment based on expiration of limitations (Docket Entry No. 11), to which petitioner filed a response (Docket Entry No. 13).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case as barred by limitations.

*Procedural Background and Claims*

Petitioner was convicted of aggravated robbery and sentenced to thirty-five years incarceration on November 7, 2006. The conviction was affirmed on direct appeal, *Garcia v. State*, No. 01-06-01049-CR, 2008 WL 185492 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd), and the Texas Court of Criminal Appeals refused discretionary review on October 1, 2008. *Garcia v. State*, No. PD-0170-08. Petitioner's application for state habeas relief, filed

on September 16, 2009, was denied by the Texas Court of Criminal Appeals on July 27, 2011.

Petitioner filed this federal petition on April 4, 2013,[1] complaining of various trial-related errors and ineffective assistance of trial counsel. Respondent argues that petitioner's grounds are barred by the federal one-year statute of limitations and should be dismissed.

*Analysis*

This pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Petitioner sent a letter to the federal courts on March 4, 2013, seeking authorization to file a section 2254 petition. (Docket Entry No. 1.) The letter set forth no habeas grounds and did not constitute a section 2254 petition, nor was it necessary for petitioner to request authorization to file a habeas petition. The letter plays no part in the instant limitations issue.

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

The Texas Court of Criminal Appeals denied discretionary review on October 1, 2008. Petitioner did not pursue a writ of certiorari, and his conviction became final for purposes of AEDPA ninety days later, on December 30, 2008. Limitations expired one year later, on or about December 30, 2009. *See Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 653–54 (2012); *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008); SUP. CT. R. 13. Therefore, petitioner's federal habeas petition was due on December 30, 2009, absent statutory or equitable tolling. 28 U.S.C. § 2244(d).

Petitioner's application for state habeas relief, filed on September 16, 2009, was denied by the Texas Court of Criminal Appeals on July 27, 2011. Consequently, the limitations deadline was tolled during the 680 days the application was pending, making the new due date November 10, 2011. 28 U.S.C. § 2244(d)(2). Petitioner did not file the instant petition until March 4, 2013, nearly one year and four months too late.

In his response to the motion for summary judgment, petitioner states that the Texas Court of Criminal Appeals did not mail notice of the adverse ruling to him until January 13,

3

2012, and that he did not receive the notice until February 3, 2012.[2] Petitioner contends that this constituted state action that impeded him from filing the instant petition in a timely manner.

Even assuming petitioner did not receive notice of the ruling until February 3, 2012, and that the delay was not his fault, the delay tolled limitations for only an additional 191 days, such that his federal petition was due May 19, 2012. Petitioner did not file the instant federal habeas petition until April 4, 2013. Where equitable tolling is warranted due to a delay in receiving notice of the denial of a state habeas application, a petitioner must show diligence both before and after receiving notice. *Hardy v. Quarterman*, 577 F.3d 596, 598–600 (5th Cir. 2009); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). The Court's order of March 19, 2013, did not "authorize" petitioner to file an untimely petition, and did not provide petitioner a basis for equitable tolling. Moreover, petitioner's letter to the courts of March 4, 2013, cannot itself be construed as a section 2254 habeas petition. Accordingly, petitioner has not demonstrated diligence following his receipt of the notice on February 3, 2012, and his federal habeas petition is untimely and barred by limitations.

It is unclear whether petitioner is arguing that his two post-notice motions filed with the Texas Court of Criminal Appeals acted to statutorily or equitably toll limitations. To the extent he is raising such argument, it is without merit. The Texas Court of Criminal Appeals promptly notified petitioner that his motions were procedurally improper and would not be

---

[2]The record shows that the Texas Court of Criminal Appeals mailed timely notices to petitioner, but that the notices were returned to the court for reasons unclear in the record.

considered, and petitioner acknowledges that he received these notices; consequently, he does not merit equitable tolling by virtue of his continued delay in the filing of a federal petition while he objected to the state court's decision and demanded rulings from that court. Moreover, the motions themselves were not construed as motions for rehearing by the Texas Court of Criminal Appeals, and stood as motions that did not act to extend the pendency of the application for state habeas relief.

The record shows that petitioner's section 2254 habeas petition is untimely, and respondent is entitled to summary judgment dismissing this lawsuit as barred by limitations.

## *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 11) is GRANTED, and this case is DISMISSED WITH PREJUDICE as barred by limitations. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on January 23, 2014.

_____
Gray H. Miller
United States District Judge